UNITED STATES v. 150.29 ACRES OF LAND, MORE OR LESS, IN MILWAUKEE COUNTY, WIS., et al.

No. 737.

District Court, E. D. Wisconsin.

Jan. 23, 1943.

See, also, 47 F.Supp. 371.

James D. Shaw, Walter D. Corrigan, Sr., Kenneth F. Webster, and Francis H. Parson, all of Milwaukee, Wis., for Eline's, Inc.

Malcolm K. Whyte and Herman E. Friedrich, of Lecher, Micahel, Whyte & Spohn, all of Milwaukee, Wis., for Lakeside Laboratories, Inc., and another.

Charles B. Quarles (of Lines, Spooner & Quarles), of Milwaukee, Wis., for Gaylord Container Corporation.

DUFFY, District Judge.

On April 20, 1942, the United States filed a petition for condemnation of property owned by Eline's, Inc., and in which the petitioners herein were tenants. Three commissioners were duly appointed and have held hearings, and on January 7, 1943, they filed their report and awards. On November 10, 1942, the United States, under authority of Title 40 U.S.C.A. § 258a, filed a declaration of taking covering

the property in question and deposited with this court the sum of $2,290,000. On the same day a judgment of taking was duly entered. This court has authorized to be paid to Eline's, Inc., the owner of the fee, all of the sum so deposited except $500,000 which the court ordered retained pending the disposition of various questions, such as liability for the payment of 1942 taxes, and the validity of the claims of the petitioners herein.

In their report the commissioners have made the following awards: Lakeside Laboratories, Inc., $34,597.58; Westinghouse Electric and Manufacturing Company, $12,892.54; and Gaylord Container Corporation, $53,539.92. Eline's, Inc., the fee owner, has appealed from the awards above mentioned, and, pursuant to the Wisconsin statute, the appellant is entitled to a jury trial de novo. It is the contention of Eline's, Inc., that under a certain clause in its lease with each of the claimants, no amount whatsoever may properly be awarded to any of the claimants.

Title 40 U.S.C.A. § 258a provides: "Upon the application of the parties in interest, the court may order that the money deposited in the court, or any part thereof, be paid forthwith for or on account of the just compensation to be awarded in said proceeding. * * *"

■ If it were a legal certainty that the claimants had an interest in the property for which compensation should be had, then the court might in its discretion order the payment of the sums fixed by the commissioners.

■ Upon the oral argument I raised the question whether, if sums equaling the commissioners' awards had been paid to the claimants and the jury thereafter determined on lesser amounts, or the court concluded that no sum was due, this court could enter a judgment against the claimants or whether a separate action would be necessary in the State court.

This point has been decided very recently by the Supreme Court in the case of United States of America v. Victor N. Miller, et al., 63 S.Ct. 276, 284, 87 L.Ed. ——, October Term, 1942, in an opinion handed down on January 4, 1943. The court there stated: "The District Court was dealing with money deposited in its chancery to be disbursed under its direction in connection with an action pending before it. The situation is like that in which litigants deposit money as security or to await the outcome of litigation. Notwithstanding the fact that the court released the fund to the respondents, the parties were still before it and it did not lose control of the fund but retained jurisdiction to deal with its retention or repayment as justice might require." In discussing the statute, the court said: "The purpose of the statute is two-fold. First, to give the Government immediate possession of the property and to relieve it of the burden of interest accruing on the sum deposited from the date of taking to the date of judgment in the eminent domain proceeding. Secondly, to give the former owner, *if his title is clear*, immediate cash compensation to the extent of the Government's estimate of the value of the property." (Italics supplied.)

In the cases cited by counsel for the petitioners, the title of the former owner was clear. In almost every case only one interest was involved. Here, however, there is a serious question whether under the terms of the lease the claimants are entitled to any damages whatsoever. In other words, there is doubt as to whether they have any interest in the property.

■ I have made arrangements to have a jury called at an early date so that the appeals may be heard within a matter of two or three weeks. In the exercise of my discretion, I believe that payments should not be made at this time to the claimants. The statement is made in the brief of counsel that the claimants are solvent and financially responsible, although one of the reasons advanced by one of the attorneys on oral argument was that his client was greatly in need of the money on deposit.

An order may be entered denying the petition of claimants for a distribution of funds now on deposit with this court.